**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **KEVIN TATE ET AL** | **CASE NO. 2:26-CV-03411** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHAD AINSWORTH ET AL** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 9] filed under Federal Rules of Civil Procedure 12(b)(2), (4), and (6) by defendants Chad Ainsworth, Andrew Lange, Nicholas Apple, and Curtis Soileau. Plaintiffs Kevin and Lauren Tate oppose the motion. Doc. 14.

## I.
## BACKGROUND

Plaintiffs, who are residents of Texas, filed this civil rights action under 42 U.S.C. §§ 1983, 1985, and 1986 "to redress a sustained pattern of unconstitutional conduct by the City of Lumberton, Texas, its police department, officers, prosecutors, magistrates, and clerks." Doc. 1, ¶¶ 1, 5. As defendants they name three Lumberton police officers (Chad Ainsworth, Andrew Lange, and Nicholas Apple) and Lumberton prosecutor Curtis Soileau. They complain of multiple arrests following a traffic stop and prosecution in Lumberton Municipal Court. They also assert that venue is proper in this court, even though the events giving rise to their claims occurred in Texas, because they have been barred from filing suit in the United States District Court for the Eastern District of Texas. Doc. 1, ¶¶ 5–6.

Defendants now move to dismiss this suit for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), improper venue under Rule 12(b)(4), or failure to state a claim under Rule 12(b)(6). Doc. 9. Plaintiffs oppose the motion. Doc. 14.

## II.
## LAW & APPLICATION

### A. Legal Standard

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the court's jurisdiction over a nonresident defendant. *E.g.*, *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). The court may determine jurisdictional issues through evidence outside the pleadings. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002). When the court rules on the motion without an evidentiary hearing, the plaintiff's burden is only to make out a *prima facie* case of personal jurisdiction. *Trinity Indus., Inc. v. Myers & Assoc., Ltd.*, 41 F.3d 229, 230–31 (5th Cir. 1995). At this stage the court must take uncontroverted allegations in the pleadings as true and resolve any conflicts in the parties' affidavits in the plaintiff's favor. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). In resolving the motion the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court need not credit conclusory allegations, however, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

Personal jurisdiction over a defendant exists if (1) the forum state's long-arm statute extends to the defendant, and (2) the exercise of such jurisdiction is consistent with due process. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Louisiana's long-arm statute extends as far as permitted by due process, merging these two factors. *Rainey v. J&S Truck Sales, LLC*, 614 F.Supp.3d 293, 299 (M.D. La. 2022) (citing *Petroleum Helicopters, Inc. v. Avco Corp.*, 834 F.2d 510, 512 (5th Cir. 1987)). The exercise of personal jurisdiction over a defendant comports with due process only if (1) the defendant has purposefully availed himself of the protections of the forum state by establishing "minimum contacts" therewith and (2) the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Allred v. Moore & Peterson*, 117 F.3d 278, 285 (5th Cir. 1997).

Minimum contacts may be established through either general or specific jurisdiction. *Ford v. Mentor Worldwide, LLC*, 2 F.Supp.3d 898, 903 (E.D. La. 2014). General jurisdiction arises from "continuous and systematic" contacts with the forum state, even when the cause of action bears no relation to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984). Specific jurisdiction, on the other hand, is case-linked and confined to "adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Only specific personal jurisdiction is at issue here. In the Fifth Circuit, courts evaluate the issue with a three-step analysis. *Deep South Comms., LLC v. Fellegy*, 652 F.Supp.3d 636, 652 (M.D. La. 2023) (citing *Nuovo Pignone v. STORMAN ASIA M/V*, 310

F.3d 374, 378 (5th Cir. 2002)). First, the court determines whether minimum contacts exist between the defendant and the forum state. Then the court considers whether the cause of action "arises out of or results from the defendant's forum-related contacts." *Id.* Finally, if the plaintiff satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that an exercise thereof "would be unfair or unreasonable." *Id.* (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). Plaintiff's burden on the first two prongs, as set out above, is only to make out a prima facie case. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Meanwhile, the defendant's burden on the third prong is to establish a "compelling case" against the exercise of jurisdiction. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (quoting *Burger King*, 471 U.S. at 477).

**B. Application**

As defendants note, nothing in the pleadings "tends to establish that any Defendant had **any** contact with the forum state (Louisiana), much less minimum contacts." Doc. 9, att. 2, p. 9 (emphasis added). All of the parties to this suit are Texas residents and the defendants are sued based on their execution of their duties as public servants employed by the city of Lumberton, Texas. Plaintiffs provide nothing to oppose this lack of jurisdictional contacts. Instead, they argue that the Federal Rules of Civil Procedure cannot be used to abridge their constitutional rights to petition for redress of grievances or to a trial by jury. Doc. 14, pp. 9–10.

"A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187

(5th Cir. 2008) (collecting cases). A review of the Eastern District of Texas's docket shows that plaintiffs attempted to file suit based on many of the same allegations in a "suit at common law," with a notice of their intention not to pay the filing fee. *See Tate v. Mazzant*, No. 1:25-mc-00004-MAC, at doc. 1 (E.D. Tex. June 4, 2025). The court ordered the suit closed based on plaintiffs' refusal to proceed as a civil action and ordered: "If the filer wishes to present any 'common law' matter before this court, the filer shall present it for assignment of a CV case number, along with the required filing fee or a motion to proceed in forma pauperis." *Id.* at doc. 2. This is the same proceeding referenced by plaintiffs in their claim of denial of access to the courts. Doc. 1, ¶ 5. The record shows, however, that the plaintiffs are still able to access the courts through ordinary screening procedures under 28 U.S.C. § 1915 or payment of appropriate filing fees. Plaintiffs are subject to the same restrictions in every other federal district court. Their apparent dissatisfaction with the rules or the possibility that the court will determine their suit is frivolous does not give them the right to hale defendants into the court of a neighboring state. Accordingly, this matter will be dismissed for lack of jurisdiction and the court has no cause to consider the other grounds for dismissal.

## III.
## CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 9] will be **GRANTED** and all claims in this matter will be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

**THUS DONE AND SIGNED** in Chambers on the 20th day of November, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**